IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
DAVID E. DANNER                      )
                                     )
v.                                   )    No. 3:06-0414
                                     )    Judge Echols/Bryant
BOARD OF PROFESSIONAL                )
RESPONSIBILITY OF THE TENNESSEE      )
SUPREME COURT, et al.                )
```

To:  The Honorable Robert L. Echols, District Judge

**REPORT AND RECOMMENDATION**

This civil action is before the undersigned for consideration of all pretrial matters, including dispositive motions (Docket Entry No. 16). Currently pending is defendants' motion to dismiss the amended complaint (Docket Entry No. 23). Plaintiff has filed a response to this motion (Docket Entry No. 27). For the reasons given below, the Magistrate Judge recommends that the motion to dismiss be GRANTED, and that plaintiff's case be DISMISSED without prejudice.

**I.  Background**

Plaintiff, an attorney licensed to practice in the state of Tennessee, filed this action *pro se* and subsequently amended his complaint (Docket Entry No. 20), seeking monetary, injunctive, and declaratory relief against what he alleges to be unconstitutional practices and proceedings against him by the

1

Board of Professional Responsibility ("the Board") and its Chief Disciplinary Counsel, Lance B. Bracy. The underlying dispute which prompted the disciplinary action taken against plaintiff arose from his representation of a client in a federal lawsuit in this District, which lawsuit was compromised and settled. Certain disputes between plaintiff and his client regarding the client's discovery deposition and the terms of the financial settlement caused the client to file a complaint with the Board on or about February 25, 2005. A summary of that client complaint was forwarded by the Board to plaintiff on or about April 4, 2005. Plaintiff responded to his client's charges by letter dated April 19, 2005, and thereafter more correspondence was exchanged among plaintiff, his client, and the Board.

Defendant Bracy informed plaintiff by letter dated January 30, 2006, that the Board had voted to recommend diversion of the matter to a practice and professional enhancement program, a workshop which plaintiff would attend at his own expense and which would result in the dismissal of the disciplinary complaint against him. (Docket Entry No. 5, Exh. A). Plaintiff's attendance at the workshop was to remain confidential, and is not regarded by the Board as a disciplinary sanction. (Id.). However, Bracy advised that plaintiff had the right to reject the recommended diversion, whereupon the matter would be returned to the Board for further proceedings which would likely result in

2

the issuance of a private admonition or private reprimand. (Id.). By letter dated February 17, 2006, plaintiff informed the Board that he "...contest[ed] the Board action and decline[d] the alternate solution it propose[d]." (Id., Exh. B). Plaintiff argued that the contemplated action by the Board may be unconstitutional, and concluded his letter by "respectfully request[ing] a hearing on this matter if discipline is imposed after the Board's reconsideration of this matter per your letter." (Id.).

By letter dated February 22, 2006, disciplinary counsel acknowledged receipt of plaintiff's letter and advised that the matter would be presented to the Board for consideration. (Id., Exh. C). On March 10, 2006, the Board considered the matter and determined that a private informal admonition was appropriate discipline. (Id., Exh. D). On March 31, 2006, notice of this proposed disciplinary sanction and the proposed informal admonition was sent to plaintiff by certified mail. (Id., Exh. D, E). These mailings advised plaintiff that he could request a formal hearing or proceeding within twenty days, as provided in Rule 9, Section 8.1 of the Tennessee Supreme Court Rules. The notice further advised as follows:

> In the event of a formal hearing, the hearing committee may impose disbarment, suspension, public censure or it may dismiss the complaint. Private reprimand or private informal admonition are not available types of discipline following a formal disciplinary proceeding. In addition, pursuant to Rule 9, Section 24.3, costs of

3

>     the proceeding will be imposed if the formal charges
>     are sustained.  Please note that the Supreme Court has
>     recently amended its rules so that any hearing will now
>     be public.

(Id., Exh. E).

On April 5, 2006, delivery of these materials to plaintiff was established by return receipt.  (Id., Exh. F).  Plaintiff filed this lawsuit on April 24, 2006, nineteen days after receiving the Board's notice and proposed Informal Admonition.

## II.  Discussion

Defendants argue that this Court should abstain from exercising jurisdiction over this matter under the doctrine established in Younger v. Harris, 401 U.S. 37 (1971), which recognized that in most cases a federal court should not entertain petitions to enjoin pending state criminal proceedings.  This doctrine has been held applicable to ongoing state civil proceedings, Huffman v. Pursue, Ltd., 420 U.S. 592 (1975), as well as ongoing state administrative proceedings, Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423 (1982).[1]  Though Younger abstention represents an extraordinary

---

[1] Plaintiff seeks to distinguish the application of Younger to lawyer disciplinary proceedings by the Middlesex Court, on grounds that Younger presumed that litigants would receive due process in the state tribunal, and the lawyer in Middlesex was afforded due process in the form of a hearing where the lawyer was entitled to counsel, had the benefit of pre-hearing discovery, and could call witnesses to testify under oath; whereas here, discipline was "imposed" upon plaintiff without any of the aforementioned

4

exception to the district court's duty to adjudicate controversies properly before it, it is an exception that must be made where the following three questions are answered affirmatively: (1) do the underlying proceedings constitute an ongoing state judicial proceeding; (2) do the proceedings implicate important state interests; and (3) is there an adequate opportunity in the state proceedings to raise constitutional challenges?  Loch v. Watkins, 337 F.3d 574, 578 (6th Cir. 2003).

In considering the question of whether the Board's disciplinary proceeding against plaintiff was an ongoing judicial proceeding, guidance must be taken from the Supreme Court's opinion in Middlesex.  In that case, the Supreme Court held that the state bar disciplinary hearing which spawned the controversy before it was "judicial in nature" and thus "warrant[ed] federal-court deference," based on the New Jersey Supreme Court's unequivocal regard for such proceedings as judicial.  Middlesex, 457 U.S. at 432-33.  The Court noted that the New Jersey Supreme Court was vested with the authority to discipline members of the state bar pursuant to a provision of the state constitution, and

---

procedural protections.  (Docket Entry No. 27 at 3, n.4).  However, pursuant to § 8.1, Rule 9 of the Tennessee Supreme Court Rules, the discipline which plaintiff complains of was *proposed*, not imposed; plaintiff was then left to either accept this discipline, or invoke his right "to be heard in litigation" at a formal disciplinary hearing, where he would have been "entitled to be represented by counsel, to cross-examine witnesses and to present evidence in [his] own behalf."  Tenn. Sup. Ct. R. 9, § 8.2.  Therefore, it appears that under the Tennessee scheme procedural due process is afforded unless it is waived, and the extension of Younger to the lawyer disciplinary context is unaffected.

5

that the New Jersey Supreme Court had long held that the local ethics committees acted as the arm of the court in receiving and investigating complaints against lawyers, which functions were judicial in nature.  Id. at 433.

While Tennessee's constitution does not appear to prescribe the Tennessee Supreme Court's function as regulator of the practice of law, the Tennessee Supreme Court itself has deemed it "well settled and indisputable that the Supreme Court has the 'inherent supervisory power to regulate the practice of law ...'"  Brown v. Bd. of Prof. Resp., 29 S.W.3d 445, 449 (Tenn. 2000)(quoting In re Burson, 909 S.W.2d 768, 773 (Tenn. 1995)). Based upon prior judicial, legislative, and common law recognition of the Court's inherent supervisory power, the Tennessee Supreme Court has also determined that "when the General Assembly enacted T.C.A. § 29-101, which established the Board of Law Examiners, they were merely creating an aid to the judiciary, therefore, the Board became a part of the judicial branch of government."  Belmont v. Bd. of Law Examiners, 511 S.W.2d 461, 463 (Tenn. 1974).  Like the Board of Law Examiners, "the Board [of Professional Responsibility], its authority, and all of its functions are derived from the Supreme Court," Brown, 29 S.W.3d at 449, and it is thus an official body which clearly performs judicial functions.  Mercer v. HCA Health Svcs. of Tennessee, Inc., 87 S.W.3d 500, 504 (Tenn.Ct.App. 2002).  Indeed,

6

Case 3:06-cv-00414   Document 31   Filed 12/13/06   Page 6 of 17 PageID #: 231

such Board functions were authorized by the Tennessee Supreme Court as a more efficient alternative to, and eventual replacement for, the county courts' consideration of lawyer conduct pursuant to T.C.A. § 29-309.  Compare Chapdelaine v. Haile, 548 S.W.2d 656 (Tenn. 1977), with Ex Parte Chattanooga Bar Ass'n, 566 S.W.2d 880 (Tenn. 1978).[2]

  Moreover, the Sixth Circuit, relying on Middlesex and its own precedent, has explicitly held (in cases involving Ohio and Michigan lawyers) that the investigations by disciplinary counsel into allegations of lawyer misconduct and subsequent disciplinary proceedings before the Board are adjudicative functions satisfying the first requirement of Younger abstention. Squire v. Coughlan, --- F.3d ---, 2006 WL 3408187, at *3 (6th Cir. Nov. 28, 2006); Fieger v. Thomas, 74 F.3d 740, 744 (6th Cir. 1996).  Accordingly, the undersigned must conclude that the disciplinary proceedings at issue in the case at bar are judicial in nature and deserving of federal court deference.

  The other component of this first Younger consideration

---

[2]The statutory cause of action for attorney discipline (subsequently renumbered as § 23-3-202) was first described by the Tennessee Supreme Court in Haile as having been supplemented by the Board and its procedures.  The Court subsequently stated in Chattanooga Bar Ass'n that the Board was intended to eventually replace all prior means of imposing discipline on attorneys, though at that time the statutory cause of action would remain available only to aggrieved individuals, while bar associations and committees must rely solely on the Board as their vehicle for seeking attorney discipline. Consistent with the vision of the Court as described in Chattanooga Bar Ass'n, the statutory subpart dealing with disciplinary proceedings, T.C.A. §§ 23-3-201 - 23-3-204, was repealed by the state legislature effective March 30, 2000.  T.C.A. § 23-3-201 et seq. (1994 & Supp. 2006).

7

is whether the state judicial proceeding is ongoing. In considering this question, the Sixth Circuit has followed the "day-of-filing" rule, whereby the first Younger criteria is satisfied if the state proceeding remains pending at the time the federal complaint was filed. Loch, 337 F.3d at 578 (citing Zalman v. Armstrong, 802 F.2d 109, 204 (6th Cir. 1986)). "It remains pending until a litigant has exhausted his state appellate remedies." Id. (citing Huffman v. Pursue, Ltd., 420 U.S. at 609).

As noted above, plaintiff filed the instant lawsuit nineteen days after receiving the notice of proposed discipline, which was one day prior to his deadline for requesting a full hearing on the misconduct charge. Plaintiff admits that, "despite a prior hearing request in his February 17 letter, [he] did not proceed with an appeal hearing per said Section 8.1 upon further review of the inadequacy of Rule 9 to protect his rights in order to prospectively challenge in federal court the constitutionality of said Rule 9." (Docket Entry No. 27 at 3, n.4). Plaintiff follows this statement with citations to Dist. of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462 (1983), and Patman v. Michigan Supreme Ct., 224 F.3d 504 (6th Cir. 2000), which he had previously cited for the proposition that he could "challenge, in federal district court, the constitutionality of state governmental regulations on lawyers promulgated by state

8

supreme courts, because such administrative rule-making by these state courts is *non-judicial* conduct by these state courts not subject to the abstention doctrine that is applicable to the *judicial* conduct of state courts[.]" (Docket Entry No. 27 at 1). However, these cases addressed the issue of whether there was subject matter jurisdiction in the federal district court to review constitutional challenges to state bar rules in light of 28 U.S.C. § 1257, which contains an exclusive grant of jurisdiction to the U.S. Supreme Court for review of "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had," which bear on federally created rights and entitlements. The rule of these cases, which reflects the application to the lawyer disciplinary context of what is known as the Rooker-Feldman doctrine (embodying the rulings of the Supreme Court in Feldman and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)), is that jurisdiction exists only as to general constitutional challenges to state bar rules "promulgated by state courts in non-judicial proceedings," and then only to the extent that such challenges are not inextricably intertwined with the judicial decisions of the state court in the federal plaintiff's particular case. Where a final state judgment or decree by the highest possible state court has not been rendered, i.e., where state appellate remedies have not been exhausted, Younger abstention may be appropriate even as to the general

9

constitutional challenges to state bar rules which Rooker-Feldman would allow. See Fieger, supra (ordering dismissal, pursuant to Younger, of plaintiff's complaint which, in addition to seeking an injunction against the disciplinary proceeding pending against him, sought "a declaration from the district court that the system for lawyer discipline in the State of Michigan and certain rules and standards of professional conduct as adopted by the Michigan Supreme Court are unconstitutional.").

Plaintiff's desire to avoid the so-called "Faustian choice" between accepting what he feels to be an undeserved and ill-begotten private admonition, and proceeding to a full disciplinary hearing where a private admonition would no longer be among the possible outcomes, while understandable, is insufficient to remove this case from the abstention analysis. On the day that plaintiff filed his federal complaint, there was pending against him a disciplinary proceeding which had to that point resulted in a proposal of disciplinary action, with appellate remedies remaining available to plaintiff. Accordingly, the day-of-filing rule directs the conclusion that the state disciplinary proceeding against plaintiff was an ongoing judicial proceeding which satisfies the first Younger consideration.

The second Younger consideration is whether the state proceedings implicate important state interests. The fundamental

10

importance of the state's interest in regulating the conduct of lawyers whom it licences is manifestly established in the decisions of this circuit, as well as in the decisions of the U.S. Supreme Court. E.g., Fieger, 74 F.3d at 745; Middlesex, 457 U.S. at 434. Plaintiff does not argue otherwise. The second requirement for Younger abstention is therefore satisfied.

The final Younger consideration is whether plaintiff will have an adequate opportunity to raise his constitutional challenges in the state proceedings. At this stage of the analysis,

> Abstention is appropriate "unless state law clearly bars the interposition of the constitutional claims." The plaintiff bears the burden of showing that state law barred presentation of his or her constitutional claims. Once this third and final requirement is met, abstention is appropriate "unless the plaintiff can show that one of the exceptions to *Younger* applies, such as bad faith, harassment, of flagrant unconstitutionality."

Squire, 2006 WL 3408187, at *4 (quoting Fieger, supra). Plaintiff's only attempt at meeting this burden of showing that he would be barred from presenting his constitutional claim in the state proceedings is his argument that an appeal from any final disciplinary action by the Board "would expose Plaintiff lawyer to the Tennessee Judiciary, which has ignored one or more of Plaintiff lawyer's grievances concerning instances of various forms of unfairness, harassment, and bad-faith conduct against Plaintiff lawyer throughout his career, ... [which] history

11

should serve to rebut any presumption that a state court is able to protect the interests of federal plaintiff." (Docket Entry No. 27 at 8).

With all due respect, the fact that certain members of the Tennessee judiciary may have "ignored one or more of Plaintiff lawyer's grievances" does not come close to the required showing that there is a legal barrier to the presentment of plaintiff's constitutional claims to the Board, or to the Tennessee courts on appeal from any Board decision. Even if it were assumed that there was some institutional bias against plaintiff within the Tennessee judiciary, abstention would still be appropriate in view of plaintiff's ability to present his constitutional claims in proceedings before the Board, which has, through disciplinary counsel's correspondence, expressly confirmed that plaintiff has a right to make his constitutional arguments in that forum. (Docket Entry No. 5, Exh. C). This failure to show that defendants would have refused to consider plaintiff's constitutional challenges if he had proceeded to a formal hearing is dispositive of the third Younger consideration. Squire, 2006 WL 3408187, at *5.

Nor do plaintiff's allegations of defendants' bad faith and retaliatory animus (Docket Entry No. 20, ¶¶ 24, 26) provide any legitimate reason to avoid abstention. Plaintiff essentially alleges that defendants retaliated against him for his assertion

12

of rights in his February 17, 2006 letter by following the procedures in place under Tenn. S. Ct. R. 9. He further alleges that "Defendants acted with intent and malice arising from a pattern of pursuing baseless, frivolous state ethics investigations against Plaintiff." (Id. at ¶ 24). This bare allegation does not amount to a showing of bad faith in the prosecution of the particular disciplinary complaint that gave rise to this action. The undersigned cannot find that disciplinary counsel, in proceeding against plaintiff on the client's charges, unreasonably expected that plaintiff's conduct would prove unethical. Even if *the client* acted in bad faith in bringing the charges against plaintiff (id. at ¶¶ 16-17), plaintiff has failed to make a sufficient showing that *defendants'* investigation, recommendation of discipline, and proceedings in accordance with the Rules of the Tennessee Supreme Court was either unlawful or inequitable, to the extent that the state would have no continuing interest in the matter deserving of deference. Cf. Cullen v. Fliegner, 18 F.3d 96, 103-04 (2d Cir. 1994).

Plaintiff further seeks to avoid Younger abstention by citing this Court's limited authority under the federal Anti-Injunction Act, 28 U.S.C. § 2283, which allows federal courts to enjoin state proceedings only where "expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to

13

protect or effectuate its judgments." Plaintiff argues that this court has jurisdiction over the conduct of attorneys admitted to practice before it pursuant to Local Rule 83.01(e)[3], and retains jurisdiction over the settled federal case which gave rise to the state disciplinary proceeding, and therefore should exercise its statutory authority under the second and third statutory exceptions quoted above to enjoin the ongoing state disciplinary proceedings, rather than abstain pursuant to <u>Younger</u>. However, this Court's jurisdiction (concurrently with the state) over disciplinary matters affecting the lawyers it admits to practice certainly does not trump the state's vital interest in regulating the lawyers it licenses, such that it would justify enjoining the pending state proceedings despite the principles of comity and federalism which the U.S. Supreme Court and Sixth Circuit have so highly regarded in cases just such as the one at bar. Indeed, it is not necessary to consider whether this Court has the authority to enjoin the state disciplinary proceedings "in aid of its jurisdiction, or to protect or effectuate its judgments," as the Supreme Court has held that "section 1983 is an Act of Congress that falls within the 'expressly authorized' exception of [the Anti-Injunction Act]." <u>Mitchum v. Foster</u>, 407 U.S. 225, 242-43 (1972). However, the <u>Mitchum</u> Court followed this holding by stating that, "[i]n so concluding, we do not question or qualify

---

[3]Formerly Local Rule 1(e)(1).

14

in any way the principles of equity, comity, and federalism that *must* restrain a federal court when asked to enjoin a state court proceeding[,] principles ... [that] were canvassed at length last Term in Younger v. Harris and its companion cases." 407 U.S. at 243 (emphasis added; internal citation omitted). Accordingly, while this Court has the authority to enjoin the pending state proceedings attacked in this case, a decision to restrain the exercise of that authority is in order.

The undersigned would further note that, despite plaintiff's suggestion to the contrary, the disciplinary proceeding against plaintiff cannot be deemed an attempt to relitigate issues dealing with the same transaction or occurrence that was adjudicated in the federal lawsuit (to which plaintiff was not a party). The mere fact that this Court approved a settlement agreement which resulted in plaintiff's client being compensated (from which plaintiff extrapolates judicial recognition that he served his client "with merit") does not impose any *res judicata* bar to consideration of plaintiff's performance as counselor in that matter, nor does it otherwise insulate plaintiff from ethical discipline in subsequent state proceedings.

Finally, plaintiff argues that Younger abstention in this case would run afoul of the Supremacy Clause, "[i]n that the Plaintiff's former client directed a *pro se* complaint to the

15

federal Court concerning Plaintiff lawyer which the federal Court ruled on in its August 15, 2005 order[.]" (Docket Entry No. 27 at 6). This argument too must be rejected. Neither the *pro se* complaint nor the Court Order to which plaintiff refers is contained in this record. In any event, absent this Court's full consideration and dismissal of the allegations of plaintiff's misconduct which were subsequently presented to defendants, such that the state proceedings here could be deemed flagrantly unconstitutional vis-á-vis the Supremacy Clause, it would appear that the merely arguable preemption of the inquiry into plaintiff's performance in the underlying lawsuit -- as any other constitutional claim -- would not affect the abstention analysis. See Federal Express Corp., 925 F.2d at 968.

In sum, the undersigned must conclude that abstention under Younger is appropriate, and that the case should therefore be dismissed without prejudice so that the parties may repair to their ongoing administrative proceedings consistent with Tennessee Supreme Court Rule 9.

### III. Recommendation

In light of the foregoing, the Magistrate Judge recommends that defendants' motion to dismiss be GRANTED, and that plaintiff's case be DISMISSED without prejudice.

Any party has ten (10) days from receipt of this Report

and Recommendation in which to file any written objections to it with the District Court.  Any party opposing said objections shall have ten (10) days from receipt of any objections filed in which to file any responses to said objections.  Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

**ENTERED** this 13th day of December, 2006.

 s/ John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE

17