DAVID E. DANNER            )
                          )
        v.                ) Case No. 3:06-0414
                          ) Judge Echols
BOARD OF PROFESSIONAL     )
RESPONSIBILITY OF THE     )
TENNESSEE SUPREME COURT,  )
et al.                    )

<u>ORDER</u>

This matter is before the Court on a Report and Recommendation ("R&R") (Docket Entry No. 31) in which the Magistrate Judge recommends dismissal without prejudice of this lawsuit on the basis of <u>Younger v. Harris</u>, 401 U.S. 37 (1971) abstention. Plaintiff, <u>pro se</u>, has filed an "Objection to Report and Recommendation" (Docket Entry No. 32), to which Defendants have filed a Response (Docket Entry No. 33). Where, as here, a party makes timely objections to a Report and Recommendation, the Court "shall make a *de novo* determination of the matter and may conduct a new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and consideration, conduct conferences with counsel for the affected parties, and receive additional arguments, either oral or written, as the District Judge may desire." L.R.M.J. 9(b)(3).

The facts underlying this case are set out in detail in the R&R. They are reviewed briefly to place Petitioner's Objection into perspective.

1

This is an action filed by a Tennessee attorney against the Board of Professional Responsibility ("the Board") and its Chief Disciplinary Counsel in relation to certain ongoing disciplinary proceedings. The disciplinary proceedings arose from Plaintiff's representation of a client in a case in this District which settled. Despite the settlement, disputes arose between the client and the Plaintiff relating to the division of the settlement and the client's deposition. The client filed a complaint which the Board investigated.

After correspondence between the Board and Plaintiff, the Board informed Plaintiff it had decided to recommend that Plaintiff participate in a practice and professional enhancement program which would be confidential. Plaintiff rejected the proposal.

After rejection of the initial proposal, the Board determined that a private informal admonition was the appropriate discipline. Plaintiff was informed of the proposed discipline and that he could request a formal hearing within twenty days. Plaintiff was advised that, in the event of a formal hearing, the options for discipline would not include a private reprimand or admonition but would instead be either dismissal of the charges, public censure, suspension, or disbarment. One day prior to the deadline for pursuing a hearing, Plaintiff filed the instant lawsuit challenging the constitutionality of the proceedings against him.

In a well-reasoned decision, the Magistrate Judge found that the three factors to be considered in determining whether <u>Younger</u> abstention is warranted are met in this case – there are ongoing state judicial proceedings, those proceedings implicated important state interests, and there is an adequate opportunity for Plaintiff in the state proceedings to raise constitutional challenges. Plaintiff raises two objections to the R&R. He claims "judicial estoppel" in that the bar proceedings are nothing more than an attempt to relitigate the prior proceedings in federal court relating to the settlement. He also claims there is a bias against him in state court which prohibits him from adequately pursuing his constitutional claims. This Court rejects both arguments.

Contrary to Plaintiff's position, the doctrine of judicial estoppel is not applicable in this case. "Judicial estoppel 'protects the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment,'" and thus "forbids a party from taking a position inconsistent with one successfully and unequivocally asserted by the same party in an earlier proceeding." <u>Wical v. International Paper Long-Term Disability Plan</u>, 191 Fed. Appx. 360, 371 (6th Cir. 2006)(citations omitted). In the prior federal case, as Plaintiff's own Amended Complaint makes clear, the client did not pursue any ethical complaints against Plaintiff. (Amended Comp. ¶ 9). Instead, the focus was on the division of fees as a

result of the settlement. In contrast, the basis for the proposed informal admonition by the Board was Plaintiff's failure to communicate in a reasonable manner with a deaf client which resulted in a dispute between Plaintiff and the client over the client's preparedness for a deposition and the terms of the settlement of the federal lawsuit.

Even though the client may have later come to understand the terms of the settlement and signed a settlement agreement, that later understanding did not preclude the Board from finding that Plaintiff failed to properly communicate with his client. Further, the fact that the client may have acted in bad faith in bringing the ethics charges does not suggest that the Board's investigation and recommendation of discipline was unlawful or inequitable. Simply put, the ethics violations were not litigated in the earlier federal suit and thus judicial estoppel is not applicable.

Plaintiff also contends that the state tribunal's ability to consider his constitutional claims during any subsequent proceedings "may be compromised by a history and pattern of apparent bias against Plaintiff by the Tennessee judiciary[.]" (Docket Entry No. 32 at 3). Although a federal court is normally required to abstain if the requirements of Younger are met, abstention is not appropriate in the "extraordinary circumstance that the state tribunal is incompetent by reason of bias." Gibson v. Berryhill, 411 U.S. 564, 577-78 (1973). However, one alleging

4

bias must offer "'actual evidence' to overcome the 'presumption of honesty and integrity in those serving as adjudicators.'" <u>Canatella v. California</u>, 404 F.3d 1106, 1112 (9th Cir. 2005)(citation omitted). Here, while Plaintiff has filed in the record certain documents which show he has had disagreements with certain members of the Tennessee judiciary over the years, he has proffered nothing which would suggest actual institutional bias against him as a member of the Tennessee bar. <u>See</u>, <u>Kirschner v. Klemons</u>, 225 F.3d 227, 237 (2nd Cir. 2000)(conclusory allegations of bias insufficient to warrant exception to <u>Younger</u> abstention). Moreover, the Court rejects Plaintiff's assertion that the Magistrate Judge minimized the "apparent bias" and agrees with the following observations set forth in the R&R:

> With all due respect, the fact that certain members of the Tennessee judiciary may have "ignored one or more of Plaintiff lawyer's grievances" does not come close to the required showing that there is a legal barrier to the presentment of plaintiff's constitutional claims to the Board, or to the Tennessee courts on appeal from any Board decision. Even if it were assumed that there was some institutional bias against plaintiff within the Tennessee judiciary, abstention would still be appropriate in view of plaintiff's ability to present his constitutional claims in proceedings before the Board, which has, through disciplinary counsel's correspondence, expressly confirmed that plaintiff has a right to make his constitutional arguments in that forum. (Docket Entry No. 5, Exh. C). This failure to show that defendants would have refused to consider plaintiff's constitutional challenges if he had proceeded to a formal hearing is dispositive of the third <u>Younger</u> consideration.

(Docket Entry No. 31 at 12).

5

Upon full review of the record in this case, and after considering Plaintiff's Amended Complaint, the Motion to Dismiss and the memoranda for and against the same, as well as Plaintiff's Objection to the R&R, the Court finds that the Magistrate Judge was correct in concluding that <u>Younger</u> abstention is appropriate. Accordingly, the Court rules as follows:

(1) the R&R (Docket Entry No. 31) is hereby ADOPTED;

(2) Plaintiff's Objection to Report and Recommendation (Docket Entry No. 32) is hereby OVERRULED;

(3) Defendants' Motion to Dismiss the Amended Complaint (Docket Entry No. 23) is hereby GRANTED; and

(4) This case is hereby DISMISSED WITHOUT PREJUDICE.

Entry of this Order on the docket shall constitute entry of a final judgment in accordance with Federal Rules of Civil Procedure 58 and 79(a).

It is so ORDERED.



_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE